**UNITED NATIONAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Robert JACKSON, Jr., Appellee.**

**No. 643.**

Court of Civil Appeals of Texas, Tyler.

Oct. 26, 1972.

Rehearing Denied Nov. 30, 1972.

Hamlin, Fagg & Branch, David B. Fagg, Dallas, for appellant.

Law Offices of Bill F. Griffin, Jr., John S. Walker, Center, for appellee.

McKAY, Justice.

This is a suit on a life insurance policy for death benefits. Trial was to a jury and judgment was rendered upon the verdict for appellee for the $1,000.00 benefits under the policy, together with 12% penalty and attorney's fees. Appellant has brought this appeal on eight points.

By appellant's points 2, 3, 4 and 5 it is contended that there was no evidence to support the jury's findings in answering Issues 2, 4, 5 and 6.[1] We sustain these points.

1. "No. 2 Do you find from a preponderance of the evidence that Robert Jackson, Jr.'s answer to question number 11 was false:

"ANSWERS It was false.
OR
It was not false.

"YOUR ANSWER It was not false.

"No. 4 Do you find from a preponderance of the evidence that Robert Jackson, Jr.'s answer to part (a) of question number 12 of the application for insurance was false?

"ANSWERS It was false.
OR
It was not false.

"YOUR ANSWER It was not false.

"No. 5 Do you find from a preponderance of the evidence that Robert Jackson, Jr.'s answer to part (b) of question number 12 of the application for insurance was false?

"ANSWERS It was false.
OR
It was not false.

"YOUR ANSWER It was not false.

"No. 6 Do you find from a preponderance of the evidence that Robert Jackson, Jr.'s answer to part (c) of question number 12 of the application for insurance was false?

"ANSWERS It was false.
OR
It was not false.

"YOUR ANSWER It was not false."

Roy Russell was an agent who solicited applications for insurance for appellant. He testified that appellee, Robert Jackson, Jr., asked him to write a policy on his father, Robert Jackson, Sr., and that he, Russell, asked appellee each question contained in the application and wrote in such answers as appellee gave, which answers included answers made to questions 11, 12 (a), 12(b) and 12(c).[2] Russell testified that appellee then signed the application and paid him the first monthly premium.

Appellee testified that Russell filled out the application without asking him any questions at all, and then passed it to him and told him to sign it, and he did sign it but did not read it. He further testified he did not know what it contained, but that he paid Russell the first monthly premium at the request of his (Jackson's) father.

The application was dated May 4, 1966, and the policy was issued to be effective June 1, 1966. The insured died on August 25, 1967.

■ In passing on the no evidence points to determine if there is any evidence to support the findings of the jury we must consider only the evidence most favorable to the findings and disregard that which is opposed to it. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950).

■ The jury was asked whether Robert Jackson, Jr.'s answers to questions 11, 12(a), 12(b) and 12(c) were false, and the jury answered they were not false. Under the record here the testimony of Dr. Mallory is undisputed that approximately two years before the date of the application the insured had been in the hospital for several days suffering from "hypertension, cardiovascular disease," which the medical witness described as chronic high blood pressure and "congestive heart failure." The application signed by appellant contained answers to questions that insured had not been confined in a hospital within the past five years, had never had disease of the heart, and had never had high blood pressure. We conclude that the answers of the jury to Issues 2, 4, 5 and 6 are contrary to the undisputed evidence as a matter of law.

By answering that appellant's answer to each of these issues (2, 4, 5 and 6) was not false the jury never reached the conditionally submitted cluster of issues as to (1) whether appellee knew his answer was false; (2) whether appellee's answer was made with intent to deceive and mislead appellant into issuing the policy; (3) whether appellant was induced to issue the policy by false representations or concealments of appellee, and (4) whether appellee's answer was material to the risk.

■ The wording of Issues 2, 4, 5 and 6 indicates that it was assumed by the trial court that appellee made the answers on the application. Appellee signed the application which had a provision (14): "I have read the foregoing questions and answers and affirm each answer to be full and complete." There is no objection in the record to these issues. The case was tried on the

2. "11. How many times have you or any member been confined in a hospital within the past five years? NONE

"12. Have any of you ever had any of the following? Yes No
(a) Disease of the heart, blood, or circulatory system, eye, ear, nose or throat, lungs, kidney, stomach, bladder, intestines, appendix, or female disorders?     X

"(b) High blood pressure, paralysis, arthritis, cancer, diabetes, hernia, goitre, or disease of the gallbladder, liver, or rectum?     X

"(c) Any other medical or surgical advice or treatment or operations in the past 5 years?     X"

premise that the answers to the questions on the application were those of appellee; the issues were submitted without objection on that premise. There was no issue, and none was requested, whether appellee made the answers written on the application. Therefore, the jury was not at liberty to answer the issues as if appellee had not made the answers in the application if the jury did so answer for that reason.

In view of our disposition of the appeal, we do not reach appellant's other points. We conclude from the record and as a matter of law that there is no evidence to sustain the jury's answers to issues 2, 4, 5 and 6.

The judgment is reversed and the cause remanded.

## ON MOTION FOR REHEARING

In his Motion for Rehearing appellee contends that because appellant filed his "Motion Under Rule 266" the burden of proof on the *whole* case under the pleadings rests upon appellant. It is also claimed under Rule 279, Texas Rules of Civil Procedure, that failure to submit issues inquiring whether appellee was asked the questions on the application or made the answers shown thereon would not cause a reversal.

A disputed fact issue developed during the trial as to whether appellee was asked the questions on the application for insurance and whether he made the answers written thereon above his signature. This issue was not resolved by any issue submitted to the jury. The language used in Issues 2, 4, 5 and 6 does not inquire whether the answers on the application are those of appellee but instead assumes such answers are his. We remain of the opinion that there is no evidence to support the jury's answers to these issues as they are framed.

In view of another trial, issues can be submitted as approved in Trinity Reserve Life Ins. Co. v. Hicks, 297 S.W.2d 345

(Tex.Civ.App., Dallas, 1957, n. w. h.) wherein issues were first submitted inquiring whether a particular question had been asked by the agent taking the application for insurance and whether the applicant had made any representation about it, and the issues which followed were conditioned upon the answers made thereto.

Motion for Rehearing is overruled.